THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOSEPH L. WALLENDORF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-4065-CV-C-NKL |
| ) | |
| UNION ELECTRIC COMPANY d/b/a ) | |
| AMERENUE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Pending before the Court are Motions to Dismiss filed by Defendant Union Electric Company d/b/a AmerenUE ("Ameren") [Doc. # 5] and Defendant International Union of Operating Engineers, Local 148 ("the Union") [Doc. # 8]. Defendant Ameren also files a Motion to Quash Service of Process [Doc. # 5] because Plaintiff Joseph Wallendorf ("Wallendorf") incorrectly named Defendant Ameren by its fictitious name. The Court denies the motion to quash as moot because Wallendorf has since filed an amended complaint [Doc. # 31] with the correct name and been ordered to properly serve this defendant. For the reasons stated below, the Court grants in part and denies in part the motions to dismiss filed by Ameren and the Union.

**I. Background**

The following facts are taken from Wallendorf's Amended Complaint [Doc. # 31] and are assumed true for purposes of this motion to dismiss. Wallendorf asserts claims under the

Age Discrimination in Employment Act ("ADEA") and the Missouri Human Rights Act ("MHRA"), claiming age discrimination and retaliation for filing an age discrimination claim. In addition to the allegations in Wallendorf's complaint, the Court considers documents of Wallendorf's Equal Employment Opportunity Commission ("EEOC") charges submitted by Defendant Ameren in its motion to dismiss. Although the Court is considering extraneous documents, it will not convert the motion to dismiss to a motion for summary judgment because the documents are a part of the public record. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002) ("An EEOC charge is part of the public record, and thus the motion to dismiss was not converted to one for summary judgment by the attachment of a copy of the EEOC charge."). Similarly, the Court considers documents of Wallendorf's charges filed with the Missouri Commission on Human Rights ("MCHR").

On August 21, 2008, Wallendorf filed a complaint for age discrimination against Defendant Ameren with the EEOC and with the MCHR. He claimed that he applied for a position as an electrical training supervisor but was denied the position because of his age. On April 17, 2009, the EEOC issued Wallendorf a Dismissal and Notice of Rights, adopting the findings of the MCHR and notifying Wallendorf of his right to sue under the ADEA within 90 days of receipt of the letter.

On February 18, 2009, while his first charge was still pending, Wallendorf filed a second complaint against Ameren and the Union, alleging that the defendants retaliated against him for filing his original discrimination complaint. This charge was investigated by the MCHR and on October 5, 2009, the MCHR issued a letter stating that no probable cause

existed to support the allegations of retaliation. On November 5, 2009, the EEOC issued Wallendorf a Dismissal and Notice of Rights, adopting the findings of the MCHR and notifying Wallendorf of his right to sue under the ADEA within 90 days of receipt of the letter. Wallendorf asserts that he received this letter on or about November 9, 2009.

On February 8, 2010, Wallendorf filed a petition against Ameren and the Union in the Circuit Court of Callaway County, Missouri. Count I of the petition alleges that defendants violated the ADEA by discriminating against Wallendorf based on his age and by retaliating against him for filing an age discrimination complaint with the EEOC. Count II alleges the defendants violated the Missouri Human Rights Act ("MHRA"). On March 30, 2010, defendants removed this action to this Court. Both defendants now move to dismiss all claims.

## II. Discussion

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). However, the Court need not accept as true legal conclusions in the Complaint. *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009). A plaintiff must allege enough facts to "nudge" its claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether a complaint states a claim for relief, a "context-specific" analysis is required and the reviewing court must "draw on its judicial experience and common sense." *Ashcroft*, 129 S. Ct. at 1950.

### A. Count I: ADEA and Retaliation Claim

3

In Count I, Wallendorf asserts a claim for age discrimination and retaliation. Ameren argues that, to the extent Wallendorf asserts an ADEA age discrimination claim based upon his first charge with the EEOC, Count I should be dismissed because Wallendorf received his right to sue letter on April 17, 2009, and failed to file a complaint within 90 days of receiving this letter. *See* 29 U.S.C. § 626(e). Wallendorf responds that this count is based upon the second EEOC charge for retaliation for filing a discrimination charge. To the extent Count I asserts a claim under the ADEA for age discrimination against Ameren, this claim is dismissed because Wallendorf failed to file his complaint based on his original charge within 90 days after receiving his right to sue letter. The Court declines to dismiss Wallendorf's claim for retaliation discrimination against Ameren.

The Union argues that Wallendorf cannot sue it for age discrimination under the ADEA because Wallendorf's original complaint was only filed against Ameren. Wallendorf responds that his complaint against the Union is based on the second EEOC charge, which included the Union as a party. The Court similarly dismisses the ADEA age discrimination claim against the Union because Wallendorf did not file his original EEOC charge against the Union.

The Union also argues that the claim for retaliation discrimination is insufficiently pled by Wallendorf because he did not establish a causal connection between the protected activity and the adverse employment action. To state a claim of retaliation discrimination, Wallendorf must show that he engaged in protected activity (such as complaining of discrimination), that there was an adverse employment action, and that there was a causal

4

connection between the activity and the adverse action. *Betz v. Chertoff*, 578 F.3d 929, 937 (8th Cir. 2009). Wallendorf alleges, among other things, that the Union refused to process his grievance after being terminated by Ameren because of his complaint of age discrimination filed against Ameren. This allegation is sufficient to state a causal connection between a protected activity and the adverse action. Accordingly, the Court declines to dismiss the claim of retaliation discrimination against the Union.

### B. Count II: Missouri Human Rights Act Claim

In Count II, Wallendorf asserts a claim for age discrimination and retaliation under the MHRA. Ameren and the Union argue that Count II should be dismissed because the MCHR's investigation was completed on January 15, 2009, with a finding of no probable cause and Wallendorf does not allege that he received a right to sue letter. A condition precedent to bringing a civil action under the MHRC is the receipt of a right to sue letter. *State ex rel. Martin-Erb v. Mo. Comm'n on Human Rights*, 77 S.W.3d 600, 604 (Mo. 2002). Wallendorf does not respond to this argument. Wallendorf has failed to plead that he received a right to sue letter and that he filed his complaint within the appropriate time after receiving such letter. Accordingly, the Court dismisses this count against both Ameren and the Union.

**III.    Conclusion**

Accordingly, it is hereby ORDERED that Defendants' Motions to Dismiss [Docs. ## 5, 8] are granted on the ADEA age discrimination claim and the MCHR claim but denied with regard to the retaliation discrimination claim.  Further, Ameren's Motion to Quash [Doc. # 5] is denied and the Defendants' subsequent Motions to Dismiss re-filed after Wallendorf filed his Amended Complaint [Docs. ## 32 and 34] are denied as moot because the Court issues its order based upon the amended complaint.

In reviewing Wallendorf's original petition filed on February 8, 2010, the Court is concerned with a jurisdictional issue: whether Wallendorf filed his petition within 90 days of receiving his right to sue letter based on his second EEOC charge.  Because this issue is a jurisdictional matter, the Court orders Wallendorf to show cause, within 10 days of this order, regarding whether he failed to file his petition within 90 days of receiving his right to sue letter.


                                                        s/ Nanette K. Laughrey
                                                        NANETTE K. LAUGHREY
                                                        United States District Judge

Dated: May 24, 2010
Jefferson City, Missouri